UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KYLE G. DeROUSEAU,

              Plaintiff,

-against-

WESTCHESTER COUNTY FAMILY COURT;
JUDGE NILDA MORALES-HOROWITZ;
JUDGE ARLENE GORDON OLIVER,

              Defendants.

24-CV-5976 (LTS)

ORDER OF DISMISSAL WITH
LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se*, brings this action under 42 U.S.C. § 1983, arising out of proceedings in Westchester County Family Court. By order dated August 19, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff filed this complaint against the New York State Family Court, Westchester County; Judge Nilda Morales-Horowitz; and Judge Arlene Gordon. He invokes 42 U.S.C. § 1983 and the Second Amendment as the basis for his claims. (ECF 1 ¶ IA.) It appears that Plaintiff and the mother of his child are adversaries in a Family Court matter. He claims that she has committed perjury by lying to obtain orders of protection, and that Defendants are "allowing her to commit a "Class A misdemeanor." (ECF 1 ¶¶ I, III.) Plaintiff further claims that Defendants are "facilitating the alienation process of an African-American, Cherokee, and multi-cultural child and parent," and that he and his "child are the victims but the court refuses to treat [them] as such." (*Id.*) Plaintiff seeks $1.5 million in damages.

Plaintiff previously filed a lawsuit in this court against the Westchester County Family Court, Judge Oliver, and three attorneys who represented his minor child, K.D., in the Family Court. *See DeRouseau v. Family Court*, ECF 1:21-CV-8716, 12, (S.D.N.Y. filed May 31, 2022) ("*DeRouseau I*") (dismissing claims against the Family Court and Judge Oliver on grounds of Eleventh Amendment and judicial immunity, respectively, and dismissing other claims for failure to state a claim under Section 1983 and Section 1985). *See also DeRouseau v. Martello*, ECF 1:21-CV-8711, 6, (S.D.N.Y. Mar. 25, 2022) (dismissing complaint filed on behalf of Plaintiff and K.D. for failure to state a claim and denying leave to replead).

## DISCUSSION

A.   **Section 1983**

Plaintiff filed this action under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). As discussed below, and as set forth in the order of dismissal in *DeRouseau I*, Plaintiff's Section claims against the Westchester County Family Court, Judge Morales-Horowitz, and Judge Oliver are dismissed on immunity grounds.

1.   **Eleventh Amendment Immunity**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*.

Plaintiff names the Westchester County Family Court as a defendant. The Family Court, as a part of the New York State Unified Court System, is an arm of the State of New York. *Id*. at 368 (explaining that the Family Court is part of the New York State Unified Court System and "is unquestionably an 'arm of the State,' entitled to Eleventh Amendment sovereign immunity.").

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the Family Court are therefore barred by the Eleventh Amendment and are dismissed for lack of jurisdiction.

**2.     Judicial Immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Judge Morales-Horowitz and Judge Oliver acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues these judges for "acts arising out of, or related to, individual cases before" them, they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Morales-Horowitz and Judge Oliver because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See*

4

*Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

"[A] judge is not absolutely immune . . . . from a suit for prospective injunctive relief." *Mireles*, 502 U.S. at 10, n.1 (citing *Pulliam v. Allen*, 466 U.S. 522, 536-43 (1984)); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) ("[J]udicial immunity does not bar a claim for prospective injunctive and declaratory relief.") (summary order). Nevertheless, a court's ability to award injunctive relief against a judicial officer under Section 1983 is strictly limited. As amended in 1996, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. "A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he will be injured in the future." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998); *Shtrauch*, 651 F. App'x at 74 (affirming that plaintiff was not entitled to declaratory relief against judicial officer "because he alleges only past conduct and does not seek to prevent an ongoing or future violation of federal law").

To the extent Plaintiff seeks injunctive relief under Section 1983, Plaintiff makes no argument that a declaratory decree was violated, that an appeal from any adverse order was unavailable, or that he seeks to prevent a future violation of his rights. *See, e.g.*, *Davis v. Campbell*, No. 3:13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order."); *Brik v. Brodie*, No. 23-CV-4330, 2023 WL 4373557, at *1 (E.D.N.Y. July 6, 2023) (dismissing plaintiff's claims for injunctive relief against judge, *inter*

*alia*, because plaintiff "does not seek to remedy a harm that is truly prospective, [and plaintiff] does show any entitlement to declaratory relief" based on the judge's past conduct).

Accordingly, Plaintiff's remedy, if any, was to pursue his appeal rights within the state court system, and he cannot obtain injunctive relief from this Court under Section 1983.

### 3. Second Amendment Claim

Plaintiff invokes the Second Amendment, which provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. The Supreme Court has held the Second Amendment "codified a pre-existing right" that includes an "individual right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008). Plaintiff references the Second Amendment, but provides no facts about the infringement of his rights under the Second Amendment. Accordingly, the Court dismisses this claim for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Because the Court is granting Plaintiff leave to replead, it will determine at a later stage whether to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) - (iii), with 30 days' leave to replead. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment consistent with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 28, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge