UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KYLE G. DeROUSEAU,

        Plaintiff,

-against-

JUDGE NILDA MORALES-HOROWITZ;
JUDGE ARLENE GORDON OLIVER,

        Defendants.

24-CV-5976 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that Defendants violated his rights and seeking money damages. By order dated October 28, 2024, the Court dismissed Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) - (iii), with 30 days' leave to replead his claims in an amended complaint. Plaintiff filed an amended complaint on November 27, 2024, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND

    The Court detailed the allegations in Plaintiff's original complaint in its October 28, 2024 order, and assumes familiarity with that order. Plaintiff named the New York State Family Court, Westchester County; Judge Nilda Morales-Horowitz; and Judge Arlene Gordon Oliver, and invoked 42 U.S.C. § 1983 and the Second Amendment. (ECF 1 ¶ I.) Plaintiff's claims related to Westchester County Family Court proceedings in which he and the mother of his child are or were adversaries. He claimed that Defendants: "allow[ed]" his child's mother to commit perjury to obtain orders of protection, and facilitated "the alienation process of an African-American,

Cherokee, and multi-cultural child and parent," and that he and his child were "the victims but the court refuse[d] to treat [them] as such."[1] (*Id.* ¶ III.)

In the October 28, 2024 order, the Court: (1) dismissed the claims against the Family Court on the ground of Eleventh Amendment immunity; (2) dismissed the claims against Judge Morales-Horowitz and Judge Oliver on the ground of absolute judicial immunity; (3) held that there were insufficient facts suggesting that Plaintiff's Second Amendment rights had been violated; (4) reserved judgment on whether to exercise supplemental jurisdiction over any state law claims Plaintiff might be asserting; and (5) granted Plaintiff leave to replead his claims in an amended complaint, in light of his *pro se* status and in an abundance of caution. (ECF 6.)

In the amended complaint filed on November 27, 2024, Plaintiff names Judge Morales-Horowitz and Judge Oliver, but not the Family Court. (ECF 7.) Plaintiff largely reiterates the same claims, and adds that, notwithstanding his "innocen[ce]" the judges issued orders of protection that "depriv[ed him] of Hunting and legally baring arms, etc." (*Id.* ¶ III.)

## DISCUSSION

The amended complaint does not remedy the deficiencies that the Court identified in the October 28, 2024 order dismissing with leave to replead the original pleading. (ECF 6.) To summarize the Court's reasoning in its prior order, the judges named as Defendants are immune from suit for money damages, *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam), and Plaintiff does not allege that a declaratory decree was violated, that an appeal within the state courts from any adverse order is or was unavailable, or that he seeks to prevent a future violation of his rights. *See, e.g.*, *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan.

---

[1] Quotes from the complaint are verbatim, and all spelling, grammar, and punctuation are as in the original, unless noted otherwise.

22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order."); *Brik v. Brodie*, No. 23-CV-4330, 2023 WL 4373557, at *1 (E.D.N.Y. July 6, 2023) (dismissing plaintiff's claims for injunctive relief against judge, *inter alia*, because plaintiff "does not seek to remedy a harm that is truly prospective, [and plaintiff] does show any entitlement to declaratory relief" based on the judge's past conduct).

Also, the amended complaint does not provide sufficient facts to state a Second Amendment claim. Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff alleges that that the protective order "depriv[ed him] of Hunting and legally baring arms, etc." (ECF 1 ¶ III.) This is a "[t]hreadbare recital[] of the elements of a cause of action," *Twombly*, 550 U.S. at 555, without sufficient factual enhancement. *See, e.g., Gosier v. Collins*, No. 23-CV-1485, 2024 WL 1016392, at *11 (N.D.N.Y. Mar. 8, 2024) (holding that plaintiff's "conclusory allegation that his right to 'Bear Arms'" under the Second Amendment had been violated was "insufficient to state a plausible claim for relief given the

numerous legal limitations on an individual's right to bear arms"); *McClenic v. Shmettan*, No. 15-CV-705, 2016 WL 3920219, at *8 (E.D.N.Y. July 15, 2016) holding that plaintiff's "conclusory allegation that [detectives] violated his right 'to keep and bear arms' provided by the Second Amendment to the United States Constitution [was] insufficient to state a plausible claim for relief.")

## FURTHER LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   July 29, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge